UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS – McALLEN DIVISION

| | |
|---|---|
| GUADALUPE M. ELIZONDO, ) | |
| ) | |
| Plaintiff, ) | Case No: |
| ) | |
| v. ) | JURY DEMAND |
| ) | |
| EQUIFAX INFORMATION SERVICES LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## VERIFIED COMPLAINT

Guadalupe M. Elizondo, ("Plaintiff"), by and through the undersigned counsel, with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, believing that further investigation and discovery will confirm that such allegations have substantial evidentiary support, brings this action against defendant Equifax Information Services LLC ("Equifax" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to recover actual, statutory, and punitive damages, as well as costs and attorney's fees, resulting from Defendant's failure to abide by the requirements of the FCRA as more fully described below.

2. Since 1970, when Congress enacted the "FCRA," federal law has required that credit reporting agencies ("CRAs"), such as Equifax are to have in place and to utilize reasonable procedures to assure **"maximum possible accuracy"** of the personal and financial information that they compile and sell about individual consumers. *See* 15 U.S.C. § 1681e(b) The FCRA sets forth this and many other requirements for CRAs' operations.

1

3. Credit reports and credit scores play a crucial role in consumers' lives. They determine a consumer's ability to obtain credit and the amount they must pay for it, and whether they can buy a house or rent an apartment. It could even affect a consumer's ability to find a job. Lenders rely on credit reports and credit scores as a primary factor in the decision whether to extend credit and at what price; home and auto insurers decide whether to offer insurance and base their rates on specialized credit scores; and many employers and landlords rely on credit reports before making decisions about whether they will hire or rent a dwelling to a consumer who is the subject of the report.

4. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681(a)(4).

5. Concerned by "abuses in the credit reporting industry," Congress enacted the FCRA to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce. *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989).

6. "It is the purpose of this [Act] that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681(b).

2

7. Section 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

8. A consumer report, also known as a credit report, is a "communication of any information by a [CRA] bearing on a consumer's credit worthiness . . . which is used . . . as a factor in establishing the consumer's eligibility for [] credit . . . to be used primarily for personal, family, or household purposes." 15 U.S.C. § 1681a(d)(1).

9. The adequacy of Defendant's procedures is to be judged according to "what a reasonably prudent person would do under the circumstances." *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).

## JURISDICTION

10. Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p ("FCRA") as this action arises under the laws of the United States.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

12. Plaintiff is a natural person who resides in Hidalgo County, TX.

13. Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax's registered agent is located at Corporation Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78707.

14. Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

3

## **STATEMENT OF FACTS**

15. In August 2017, Plaintiff purchased a 2006 Chrysler 300 (contract# 0000040377-1) from Valley Auto, located in Texas.

16. Plaintiff believes the car to be a lemon and was returned twice for a bad transmission.

17. On May 24, 2018, Plaintiff received a full satisfaction of obligation offer from the auto dealer. In exchange for her turning the car over to the auto dealer they would release Plaintiff of her financial obligation.

18. Specifically, the Full Satisfaction of Obligation letter stated: "We propose to retain the collateral in full satisfaction of your obligation to us under the agreement." The dealer further noted: "You are hereby notified that we as the secured party are in possession of the above described motor vehicle."

19. As a result, as of May 24, 2018, Plaintiff owed $0 to Valley Auto.

20. But on an Equifax credit report obtained on December 20, 2022, Equifax erroneously reports that Plaintiff has a balance owed of $3,920 to Valley Auto (Acct# 40377**), reports that Plaintiff was 90 days late in June 2018, and 120 days late in both July and August of 2018. This information is erroneous as Plaintiff owed Valley Auto $0 as of May 24, 2018. Plaintiff's Experian and Trans Union credit reports do not report these errors.

21. In February 2023, Plaintiff sent Equifax via certified mail a dispute letter about the erroneous reporting that included the May 24, 2018 Full Satisfaction of Obligation letter from Valley Auto.

22. On February 26, 2023, Equifax received the dispute letter – tracking number: 9407-1118-9956-2720-7928-69.

4

23. Within 5-business days, Equifax should have sent Plaintiff's dispute letter and enclosures to the company who furnished the erroneous information to Equifax so that company could investigate the veracity of Plaintiff's dispute.

24. Plaintiff did not receive a response back from Equifax. But as of April 25, 2023, Plaintiff's Equifax credit report still contained the same erroneous information about her Valley Auto loan.

25. Despite Plaintiff's lawful requests for removal of the disputed items pursuant to the FCRA, Defendant failed to investigate Plaintiff's dispute and failed to remove the disputed, derogatory, and erroneous items from Plaintiff's credit reports.

26. Upon information and belief, Defendant failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Defendants' receipt of Plaintiff's dispute.

27. The Defendant's actions have damaged the Plaintiff.

28. The failure of Defendant to properly investigate Plaintiff's dispute and update her credit file has caused a delay in the purchase of a new home. Will cause Plaintiff to pay more for an interest rate that was previously available but expired both on a house and a vehicle.

29. Plaintiff was denied credit.

30. Plaintiff had to pay for increased cost of credit.

31. Plaintiff lost the opportunity to obtain credit.

32. In addition, Defendant's violations of the FCRA have caused Plaintiff to suffer: damage to reputation, loss of financial independence, loss of self esteem, embarrassment, humiliation, emotional distress, frustration, anguish, and anxiety.

5

33. Defendant's violations of the FCRA have caused interference with Plaintiff's usual activities.

34. Plaintiff has spent time and expense pulling/reviewing her credit reports in response to the subject error.

35. Plaintiff believes that the erroneous reporting may continue to be reported through no fault of Plaintiff and that she has no recourse to rectify that error.

36. Plaintiff's privacy has been invaded as third parties have been provided with Plaintiff's credit file that contains this erroneous information.

37. Plaintiff hired professionals, including attorneys, to rectify these errors.

## Count I – Equifax
## Violations of FCRA §§ 1681e(b) and 1681i

38. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

39. A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

40. Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

41. Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

42. Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

    a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

    b. failing to delete the erroneous items from Plaintiff's Equifax credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

    c. failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

    d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

    e. failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

43. These violations of §§ 1681e(b) and 1681i were willful, rendering Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

44. In the alternative, Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction of Plaintiff's credit reports; and,
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38**.

Dated: September 13, 2023               Respectfully submitted,

                                        By:  /s/ James M. Smith

                                             James M. Smith
                                             Doherty Smith, LLC
                                             9501 W. 144th Place, Suite 101
                                             Orland Park, IL 60462
                                             Phone: (708) 645-8824
                                             Email: jsmith@dohertysmith.com

                                             *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff Guadalupe M. Elizondo declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Texas.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Texas that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 9/19/2023

ID CJvQ6ZLTYhWSU1yEuPnWvzwA

/s/Guadalupe M. Elizondo, Plaintiff

10

## eSignature Details

**Signer ID:** **CJvQ6ZLTYhWSU1yEuPnWvzwA**
Signed by: Guadalupe Elizondo
Sent to email: mvalliegirl@gmail.com
IP Address: 172.56.89.66
Signed at: Sep 19 2023, 9:14 am CDT